# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PETER EDWARD SMITH,<br><br>Defendant. | No. CR06-4043-MWB<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S GUILTY PLEA** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On May 18, 2006, a single count indictment was returned against defendant Peter Edward Smith, charging defendant with possession of firearms by an unlawful user of controlled substances, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). In the indictment, it is alleged that on February 6, 2006, defendant Smith knowingly possessed thirteen separate rifles, shotguns, and pistols. On October 5, 2006, defendant Smith appeared before United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Count 1 of the indictment. At the time of his plea hearing, defendant Smith refused to admit to all of the allegations in the indictment. Specifically, at the plea hearing, defendant Smith admitted to owning only one of the thirteen firearms listed in the indictment. He contends that many of the firearms listed in the indictment are owned by his father. Judge Zoss concluded that defendant Smith only had to admit to the elements of the offense as to one of the firearms in order to plead guilty to the charge. Plea Tr. at 20-21. On October 5, 2006, Judge Zoss filed a Report and Recommendation in which he recommends

that defendant Smith's guilty plea be accepted. The government has filed an objection to Judge Zoss's Report and Recommendation. Specifically, the government contends that, because of defendant Smith's refusal to admit all of the allegations contained in the indictment, that there are insufficient facts to support the guilty plea in this case to the charges contained in the indictment. Defendant Smith has filed a response to the government's objection in which he asserts that the government's position is without merit. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Smith's guilty plea.

## II. LEGAL ANALYSIS

### A. *Standard Of Review*

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with

instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). As noted above, the government has filed an objection to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Smith's guilty plea.

### *B. Government's Objection*

The basis for the government's objection is that, because of defendant Smith's refusal to admit certain facts, that there are insufficient facts to support the guilty plea in this case to the charges contained in the indictment. Defendant Smith disputes this assertion, contending that he admitted all of the elements charged and the facts necessary to support his guilty plea to the charge contained in the indictment.

When a defendant pleads guilty without reserving right to challenge facts alleged in indictment at sentencing, he admits all of the factual allegations made in the indictment. *See United States v. Mickle*, 464 F.3d 804, 809 (8th Cir. 2006); *United States v. White*, 408 F.3d 399, 402-403 (8th Cir. 2005). Here, however, defendant Smith indicated at his plea hearing that he did not agree with certain stated facts in the indictment. Specifically, defendant Smith admitted to possessing only one of the thirteen firearms listed in the

indictment. He contends that many of the firearms listed in the indictment are owned by his father.

In *United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006), the Eighth Circuit Court of Appeals, in discussing firearms prosecutions under 18 U.S.C. § 922, held that "Congress intended the 'allowable unit of prosecution' to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition." *See also United States v. Olmeda*, 461 F.3d 271, 280 (2nd Cir. 2006) (holding that "although a convicted felon who simultaneously possesses various firearms and rounds of ammunition can generally only be charged with a single violation of § 922(g), multiple charges may well be warranted if the evidence shows that the felon acquired possession of the firearms or ammunition on different occasions, or that he stored them at different sites."); *United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002) (holding that the possession of multiple firearms comprised only one offense barring proof that the firearms were obtained at different times or stored separately); *United States v. Verrecchia*, 196 F.3d 294, 297-98 (1st Cir. 1999) (holding that a felon's possession of multiple firearms comprised a single offense); *United States v. Dunford*, 148 F.3d 385, 388-90 (4th Cir. 1998) (holding that the possession of multiple firearms and ammunition by a felon who was also an illegal drug user comprised a single offense); *United States v. Cunningham*, 145 F.3d 1385, 1398-99 (D.C. Cir. 1998) (holding that the possession of multiple firearms comprised only one offense barring proof that the firearms were obtained at different times or stored separately); *United States v. Valentine*, 706 F.2d 282, 292-94 (10th Cir. 1983) (holding that the simultaneous possession of more than one weapon constituted only one offense); *United States v. Frankenberry*, 696 F.2d 239, 244-45 (3d Cir. 1982) (holding that the receipt of multiple firearms comprised only one offense). Thus, defendant Smith's

possession of multiple firearms comprised a single offense under 18 U.S.C. § 922(g)(3). The central element of this offense is that defendant Smith possessed one of the firearms listed in each of the counts of the indictment. *See United States v. Howard*, 413 F.3d 861, 863-64 (8th Cir. 2005) (noting that possession of a firearm is an element of § 922(g)(3) offense); *United States v. Mack*, 343 F.3d 929, 935 (8th Cir. 2003) (noting that "there is no strict temporal element within Section 922(g)(3) that would require the government to prove that a specific instance of drug use occurred simultaneously with a defendant's firearm possession."). Thus, in admitting possession of at least one of the firearms listed in the indictment, defendant Smith admitted that central element of the crime charged in the indictment. Therefore, the government's objection to Judge Zoss's Report and Recommendation is overruled, the court **accepts** Judge Zoss's Report and Recommendation of October 5, 2006, and accepts defendant Smith's plea of guilty in this case to Count 1 of the indictment.

**IT IS SO ORDERED.**

**DATED** this 22nd day of December, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA