AO 245B  (Rev. 06/05) Judgment in a Criminal Case
         Sheet 1

# United States District Court

## NORTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| PETER EDWARD SMITH | Case Number: CR06-4043-001-MWB |
| | USM Number: 03296-029 |
| | John P. Greer |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to count(s)  **1 of the Indictment**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense | Count |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(3) & 924(a)(2) | Unlawful User in Possession of a Firearm | 02/06/2006 | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material change in economic circumstances.

**January 3, 2007**
Date of Imposition of Judgment

*Mark W. Bennett* (signature)
Signature of Judicial Officer

**Mark W. Bennett**
**U.S. District Court Judge**
Name and Title of Judicial Officer

1/5/07
Date

DEFENDANT:       **PETER EDWARD SMITH**
CASE NUMBER:     **CR06-4043-001-MWB**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ■  Lump sum payment of $ __100__ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with    ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ■  Payment to begin immediately (may be combined with   ☐ C,    ☐ D, or    ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: **PETER EDWARD SMITH**
CASE NUMBER: **CR06-4043-001-MWB**

# PROBATION

The defendant is hereby sentenced to probation for a term of :    **3 years on Count 1 of the Indictment**

    The defendant shall not commit another federal, state or local crime.
    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- ☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ■  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ■  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       PETER EDWARD SMITH
CASE NUMBER:     CR06-4043-001-MWB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100          | $ 0      | $ 0             |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|--------------------------|-----------------------------|
|                   |                 |                          |                             |

TOTALS       $ _____       $ _____

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐  the interest requirement is waived for the  ☐ fine  ☐ restitution.

   ☐  the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      PETER EDWARD SMITH
CASE NUMBER:    CR06-4043-001-MWB

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the Court and implemented by the U.S. Probation office.

2. The defendant is prohibited from the use of alcohol and are prohibited from frequenting bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol.

3. The defendant shall be placed on home detention with electronic monitoring for a period of 5 months to begin within 30 days, as directed by the Court and implemented by the U.S. Probation Office. During this time, he shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. He shall maintain a telephone at his place of residence without any special services, modems, answering machines, cordless telephones for the above period. He shall wear an electronic device and shall observe the rules specified by the Probation Department. He may be responsible to pay for his term of electronic monitoring at a cost determined by his probation officer. Payment for the electronic monitoring shall be made in accordance with the probation officer's direction.

4. The defendant shall submit to a search of his person, residence, adjacent structures, office or vehicle, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; he shall warn any other residents that the residence or vehicle may be subject to searches pursuant to this condition. This condition may be invoked with or without the assistance of law enforcement, including the U.S. Marshal's Service.